# SIMMONS JANNACE DELUCA, LLP

ATTORNEYS AT LAW
43 CORPORATE DRIVE
HAUPPAUGE, NEW YORK 11788-2048
(631) 873-4888
FAX (631) 873-4889

Kevin P. Simmons
Steven D. Jannace
Sal F. DeLuca^
Allison C. Leibowitz
Michael C. Lamendola*
Ian E. Hannon

Irina Feferman*
Rachel Gergely
Michael C. Hayes
Thomas J. Jannace
Matthew C. Maloney
Aric H. Peymann
Scott H. Wertheimer
Nicholas C. Zotto

Counsel

Susan B. Jannace
Ross M. Chinitz^

*Also Admitted NJ
^Also Admitted CT

March 27, 2024

**Via ECF**
Honorable Magistrate Judge Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Urena, Yanirys v. The TJX Companies, Inc.
    Civil Action No.: 23-CV-05895-KAM-VMS
    Our File No.: 598-10095

Dear Magistrate Judge Scanlon:

Our office represents defendant, The TJX Companies, Inc. ("TJX") in the above referenced matter. In accordance with the Court's rules, kindly accept the following as TJX's letter motion with respect to a discovery dispute.

To date, plaintiff has not provided the following discovery: (1) Response to TJX's First Set of Interrogatories dated August 4, 2023; (2) Response to TJX's Combined Demands dated August 4, 2023; (3) Response to TJX's Demand Pursuant to CPLR Article 31 for Authorizations to Permit Interview of Treating Physicians by Defense Counsel; (4) Response to TJX's Demand Pursuant to Mandatory Insurer Reporting Law Section 111 of Public Law 110-173;(5) Response to TJX's Second Set of Interrogatories dated January 31, 2024; and (6) the name, model and any relevant pictures of the chair from which plaintiff sustained the alleged injuries.

TJX's First Set of Interrogatories, Combined Demands, Demand Pursuant to CPLR Article 31 for Authorizations to Permit Interview of Treating Physicians by Defense Counsel and Demand Pursuant to

March 27, 2024
Page 2

Mandatory Insurer Reporting Law were served on plaintiff on August 4, 2023.[1] The parties appeared for an Initial Conference with Your Honor on January 25, 2024, at which time the previously served demands were deemed served and a Civil Case Management Plan and Scheduling Order was issued. Accordingly, plaintiff's responses to TJX's various demands were due by February 23, 2024. Plaintiff has not provided the discovery. In addition, plaintiff was ordered to provide the name, model, and any relevant pictures of the chair from which plaintiff sustained the alleged injuries to TJX and file a letter on ECF confirming that these documents were submitted to TJX by January 29, 2024. It respectfully submitted that although plaintiff submitted a letter on January 29, 2024, plaintiff has not complied with Your Honor's January 26, 2024 Scheduling Order. Plaintiff merely provided a photograph of the subject chair, two (2) articles regarding the recall of "egg chairs," and a printout for a "Bean Outdoor Patio Wood Swing In Coffee White." The photograph does not show any tags or UPC numbers and, therefore, it cannot be identified as a chair that was sold by TJX. **Exhibit "A."** Plaintiff has neither provided the location of the store that allegedly sold the so-called "nest egg swing chair," nor documentation to confirm that the subject chair was sold by TJX. Accordingly, the discovery remains outstanding.

The undersigned attempted to amicably resolve these issues via correspondence dated March 1, 2024. A copy of the good faith correspondence dated March 1, 2024 is annexed as **Exhibit "B."** Our March 1, 2024 correspondence requested outstanding discovery, including responses to our First Set of Interrogatories, to our Combined Demands, to our Demand Pursuant to CPLR Article 31 for Authorizations to Permit Interview of Treating Physicians by Defense Counsel, to our Demand Pursuant to Mandatory Insurer Reporting Law Section 11 of Public Law 110-173 and to our Second Set of Interrogatories. Plaintiff did not provide the discovery and did not respond. Therefore, on March 5, 2024, the undersigned spoke via telephone with plaintiff's counsel, Michael Gluck, who advised that he would provide the outstanding discovery within the next "couple of weeks." The undersigned reminded counsel that the outstanding discovery is necessary and needed to be provided immediately pursuant to the Civil Case Management Plan and Scheduling Order dated January 26, 2024. No discovery has been received.

---

[1] Copies of TJX's discovery demands will be provided to the Court upon request.

March 27, 2024
Page 3


In light of the above, TJX respectfully requests that the Court direct plaintiff to provide the outstanding discovery, including: (1) Response to TJX's First Set of Interrogatories dated August 4, 2023; (2) Response to TJX's Combined Demands dated August 4, 2023; (3) Response to TJX's Demand Pursuant to CPLR Article 31 for Authorizations to Permit Interview of Treating Physicians by Defense Counsel; (4) Response to TJX's Demand Pursuant to Mandatory Insurer Reporting Law Section 111 of Public Law 110-173;(5) Response to TJX's Second Set of Interrogatories dated January 31, 2024; and (6) the name, model and any relevant pictures of the chair from which plaintiff sustained the alleged injuries.

Thank you for your consideration of the above request.

Respectfully submitted,

/s/ Scott H. Wertheimer
Scott H. Wertheimer

SHW/yq
844276
cc:  **Via ECF:**
Elefterakis, Elefterakis & Panek